IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02332-RM-MEH

ACTIVISION TV, INC.,

     Plaintiff,

     v.

KATS ON MARKET, INC. d/b/a Tavern Hospitality Group,

     Defendant.

---

## STIPULATED PROTECTIVE ORDER

Pursuant to FED. R. CIV. P. 26(c), Plaintiff Activision TV, Inc. and Defendant Kats on Market, Inc. d/b/a Tavern Hospitality Group hereby stipulate and agree, subject to the approval of the court, that the following Stipulated Protective Order (the "Order") shall govern the handling of discovery material, which shall consist of documents, depositions, deposition exhibits, interrogatory responses, admissions, and any other information produced, given, or exchanged by and among the parties and any non-parties to the above-captioned action (the "Litigation").

### <u>DEFINITIONS</u>

1.    For purposes of this Order:

    a.    "Producing Party" shall mean:

        i.    any party to the Litigation who produces or discloses information or materials in the Litigation; or

ii.     any non-party who produces or discloses confidential or
proprietary information in the Litigation.

b.      "Reviewing Party" shall mean any person to whom information or
materials are produced or disclosed in the Litigation.

c.      "Outside Counsel" shall mean outside law firms of record that have
been retained by a party to act on behalf of that party in this action and provide
advice in connection with this action, including attorneys, patents agents, law
clerks, paralegals, assistants, and stenographic, clerical, and support employees
of the respective law firms.

d.      "In-House Representative" shall mean persons who are employees
of a Party or a parent or subsidiary of a Party.  If a Party has employees who are
attorneys, its In-House Representatives shall be attorneys who are employees of
that Party or who are employees of a parent or subsidiary of that Party.

e.      "Designated Material" shall mean Material that is designated either
CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order.

f.      "Confidential Information" shall include any information (regardless
of how generated, stored, or maintained) or tangible things that the Producing
Party would not normally reveal to third parties except in confidence and believes
in good faith constitutes or embodies confidential research, development,
commercial, or other information (including matters that may have been
disclosed to third parties who are not under obligations of confidentiality, but not
to the public generally).

g.      "Highly Confidential Information" shall mean sensitive technical, financial, trade secret, competitive, or personnel information, which is not generally known by third parties not under obligations of confidentiality, and that the Producing Party would not normally reveal to third parties without an agreement or expectation that the information would be maintained in confidence, whether by agreements, policies, or procedures.  "Highly Confidential Information" includes, but is not limited to:

i.      information concerning research and development other than the research and development described in or leading up to the filing of the patents-in-suit;

ii.     strategic business or marketing plans;

iii.    non-public financial information, such as that which relates to expenses, costs, profits, customer pricing or sales;

iv.     documents that would reveal trade secrets

v.      information concerning websites, systems, and products in development but not yet commercially or publicly available;

vi.     information concerning licenses to patents or technology;

vii.    information obtained by customers, vendors, licensors, and licensees under protection of a confidentiality agreement.

h.      "Protected Litigation Material" shall mean "Confidential Information," or "Highly Confidential Information" which a party has designated under paragraphs 2 through 4 below.

i.      Protected Litigation Material does not include information that: (a) is or has become publicly available without the Reviewing Party's breach of any obligation owed to the disclosing party or non-party; (b) is or has become known to the Reviewing Party from a source other than the disclosing party (other than by breach of an obligation of confidentiality owed to the disclosing party); or (c) has been independently developed by the Reviewing Party.

**DESIGNATION AND MARKING OF
PROTECTED LITIGATION MATERIAL BY PRODUCING PARTY**

2.      A Producing Party shall designate, in whole or in part, any document, thing, or information (collectively, "Protected Litigation Material") which contains Confidential or Highly Confidential Information by affixing to it, where reasonably possible and in a manner that shall not interfere with its legibility, the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate.

3.      A Producing Party shall designate Protected Litigation Material, where practical by marking each page of a document, each separate part or component of a thing or each separate item of other information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate.  If not practical to so mark the material itself, a container for or tag attached to the material shall be so marked.

4.      Counsel to any Producing Party may designate a deposition or other testimony as Protected Litigation Material: (a) at the deposition, or (b) within ten (10)

business days after receipt of a transcript of such testimony by sending to counsel for

each party a written list of the specific portions as to which such status is claimed.  All

deposition transcripts or recordings shall be treated as HIGHLY CONFIDENTIAL

material until the expiration of (10) business days after receipt of the transcript by

counsel and, if the aforesaid written list is sent to counsel, shall thereafter be treated as

designated in such list.  If, during the course of a deposition, questions are to be asked

or answered regarding Protected Litigation Material, Outside Counsel for any Producing

Party may so designate the material, and then only persons entitled to access the

material under the terms of this Order (including, if appropriate, the deponent's counsel

in the case of a separately represented nonparty) shall be allowed to be present during

such portion of the deposition.  A Producing Party that fails to designate a deposition or

other testimony (or portions thereof) as Protected Litigation Material within the

designated time period does not waive the right to so designate at a later date.  If such

a later designation occurs, there will be no penalty to a Producing Party that disclosed

the information after the ten (10) business days but before the later designation

occurred.

### ACCESS TO AND USE OF PROTECTED LITIGATION MATERIAL

5.      All material given or exchanged by and among the Producing Parties in

connection with this action shall be used solely for purposes of the preparation and trial

of the Litigation and any related appellate proceedings, and for no other purpose,

including, without limitation, any commercial or business purpose or any other litigation

or administrative proceeding, absent the prior written consent of the Producing Party (as

hereinafter defined) or leave of the Court.

6.      Access to CONFIDENTIAL material and any information obtained from

such material shall be restricted, subject to the limitations herein, to:

a.      Outside Counsel;

b.      employees of the Receiving Party to whom disclosure is reasonably

necessary for the management, supervision, or oversight of this litigation and

who have signed the "Agreement To Be Bound By Protective Order" attached

hereto;

c.      Experts or technical advisors retained to testify at trial or

consultants retained or engaged by a Party in preparation for trial (collectively,

"Consultants") whose advice and consultation are being or will be used by a

Party in connection with the prosecution or defense of this action, subject to the

provisions of paragraph 8, including Consultant's staff and supporting and clerical

personnel required to carry out functions assigned to them by such Consultant

for the sole purpose of assisting counsel in the preparation of this case for trial;

d.      Employees of a Producing Party, at depositions of those

employees;

e.      witnesses at deposition and/or trial, provided that such witnesses

may not retain copies of Designated Material unless permitted by other

provisions of this Order;

f.     The United States District Court for the District of Colorado and any appellate court with jurisdiction over any appeal from the Litigation (collectively, the "Court"), and Court personnel assisting the Court in its adjudicative functions;

g.     Stenographic reporters or video operators engaged by a Party for purposes of the Litigation, provided however that they have access to material so designated only to the extent necessary to perform their duties;

h.     Outside photocopying, translation, document management and review, graphic designers, and exhibit preparation services engaged by a Party for the purposes of the Litigation, provided however that such employees  have access to material so designated only to the extent necessary to perform their duties; and

i.     Any person whom the Producing Party agrees in writing or on the record at a deposition may be shown the material.

7.     HIGHLY CONFIDENTIAL Material: Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, documents or things designated "HIGHLY CONFIDENTIAL" Material only to the following persons:

a.     persons who appear on the face of Designated Material as an author, addressee or recipient thereof:

b.     Outside Counsel;

c.     Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, who must sign both the "Agreement To

Be Bound By Protective Order" attached hereto and the "Certification Of Consultant" attached hereto.  The party retaining the Consultant shall provide notice to any Producing Party of the intended disclosure, by serving on counsel of record a copy of the executed "Agreement To Be Bound By Protective Order" and "Certification Of Consultant" prior to such disclosure, along with a written statement including the following information about each person identified as a Consultant in the written notice:

    i.        business address;

    ii.       business title;

    iii.      business or profession;

    iv.      any previous or current relationship (personal or professional) with any of the parties or their affiliates, including any parents or subsidiaries; and

    v.       for the preceding five (5) years, a listing of other cases in which the individual has testified (at trial or deposition), all companies for which the individual has provided consulting services, either directly or through a consulting firm, and all companies by which the individual has been employed, within the last five years.  Such a listing, as appropriate, may itself be designated as CONFIDENTIAL information or HIGHLY CONFIDENTIAL information pursuant to this Order.

8.      No Protected Litigation Material shall be disclosed to any Consultant until after the expiration of (10) business days, commencing with the service by facsimile or electronic mail ("e-mail") upon counsel of record of the notice described in paragraph 7.c.  If any Producing Party objects to the disclosure of Protected Litigation Material to that person within the ten (10) business day period, no such disclosure of Protected Litigation Material shall be made to that person without prior approval of the Court or the objecting Party.  Any objection shall be in writing and state with particularity the basis for the objection. Although the objecting Party shall have the ultimate burden of showing why that person should not have access to Protected Litigation Material, the Party seeking to disclose such information shall have the initial burden of moving the Court for permission to disclose information to such person.  Pending resolution of any such motion, no disclosure of Protected Litigation Material shall be made to that person.

9.      Notwithstanding any designation of Protected Litigation Material, nothing in this Order shall prevent any Producing Party from using or disclosing its own Protected Litigation Material as it deems appropriate.  Nothing herein shall bar a Party from the unrestricted use of any document or information obtained from public sources or available through public sources.

## FILING AND HANDLING OF PROTECTED LITIGATION MATERIAL

10.     Counsel and all other persons to whom Protected Litigation Material is disclosed pursuant to this Order are responsible for employing reasonable measures to control access to and distribution of documents designated "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" and shall take reasonable and appropriate precautions to

avoid inadvertent disclosure of the Protected Litigation Material.  Each recipient of

Protected Litigation Material shall maintain such material in a secure, safe area and

shall exercise at least the same standard of care with respect to the storage and

custody of such material as exercised by the recipient with respect to its own

confidential or highly confidential material.

11.     In the event that any material or information designated as Protected

Litigation Material is to be used in any court proceeding in connection with the Litigation,

the Party that intends to use it shall take all steps reasonably required to protect its

confidentiality during such use, subject to the Court's direction.

12.     If the Reviewing Party files any documents with the Court containing

information designated by a Producing Party as Protected Litigation Material, it shall file

such documents as Restricted Documents at the appropriate Restriction Level pursuant

to the provisions of D.C.COLO.LCivR 7.2.  All such materials so filed shall be released

from restricted access only pursuant to the provisions of D.C.COLO.LCivR 7.2.D.

13.     The parties shall instruct all court reporters employed by them in the

Litigation that no copy of any transcript of any deposition taken by any Party which is

designated in part or in whole as Protected Litigation Material shall be prepared for, or

furnished by the reporter to, any person other than to counsel for the parties and the

deponent or his or her counsel.

14.     When a Party or non-party sends an email which includes or attaches

Confidential or Highly Confidential Information, that Party or non-party shall indicate

prominently, in the subject line or at the beginning of the email, that the email contains

or is itself Protected Litigation Material along with an indication of the name of the party whose Protected Litigation Material is involved.  Similarly, when a Party or non-party sends a letter containing or enclosing Protected Litigation Material, that Party or non-party shall indicate prominently, in the subject line or at the beginning of the letter, that the letter contains or is itself Protected Litigation Material along with the name of the party whose Protected Litigation Material is involved.

## INADVERTENT FAILURE TO DESIGNATE

15.     The inadvertent or mistaken disclosure of any Protected Litigation Material by a Producing Party, without the designation required under Paragraphs 2 through 4 above, shall not constitute a waiver of any claim that the inadvertently disclosed material is entitled to protection under this Order, if such inadvertent or mistaken disclosure is brought to the attention of the Reviewing Party promptly after the Producing Party's discovery of such disclosure.  Along with notice of inadvertent or mistaken disclosure, the Producing Party shall provide properly marked documents to each party to whom Protected Litigation Material was produced without proper designation; and, upon receipt of these properly marked documents, the Reviewing Party shall return to the Producing Party, or destroy, the improperly marked documents that were initially produced, along with any copies or duplicates thereof.  The designation of materials as being Protected Litigation Material shall not be admissible in any proceeding as evidence that the material in fact contained confidential information.

**UNAUTHORIZED DISCLOSURE OF PROTECTED LITIGATION MATERIAL**

16.     If Protected Litigation Material is disclosed to any person other than in a manner authorized by this Order, the person responsible for such disclosure shall upon discovery of the disclosure immediately inform outside litigation counsel of record for the Producing Party whose information is disclosed, shall inform counsel of all pertinent facts relating to such disclosure, and shall work in good faith with counsel to retrieve said information, including making every effort to retrieve the improperly disclosed material and to prevent further unauthorized disclosure on its own part and unauthorized use or disclosure on the part of the recipient of the material.  Compliance with the foregoing shall not prevent the Producing Party whose Protected Litigation Material was disclosed from seeking further relief from the Court.

**INADVERTENT PRODUCTION OF PRIVILEGED DOCUMENTS**

17.     The inadvertent or unintentional disclosure by a Producing Party of information subject to a claim of attorney client privilege or work product immunity shall not be deemed a waiver in whole or in part of the claim of privilege or work product immunity, either as to the specific information disclosed or as to any other information relating thereto.  If a Producing Party through inadvertence produces or provides discovery which it believes is subject to a claim of attorney-client privilege, work product immunity, or any other applicable privileges or protections from discovery, the Producing Party may give written notice to the Reviewing Party that the document or thing is subject to a claim of attorney-client privilege or work product immunity and request that the document or thing be returned to the Producing Party.  The Reviewing

Party shall immediately return to the Producing Party such document or thing and destroy any notes, copies and work-product reflecting the document or thing that is subject to a claim of attorney-client privilege, work product immunity, or any other applicable privileges or protection from discovery.  Return of the document or thing by the Reviewing Party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or work product immunity nor shall it foreclose any party from moving the Court for an order that such document or thing has been improperly designated or should be producible for reasons other than a waiver caused by the inadvertent production.  For the avoidance of doubt, this provision shall apply to testimony provided by a witness.

## CHALLENGES TO PROTECTED INFORMATION DESIGNATION

18.    Counsel of Record for a Producing Party shall review the documents and/or other information to be disclosed and may designate documents or information it believes, in good faith, are either "CONFIDENTIAL Material" or "HIGHLY CONFIDENTIAL Material".  Nothing in this Order shall prevent a Receiving Party from contending at any time that any or all documents and/or information designated as "CONFIDENTIAL Material" or "HIGHLY CONFIDENTIAL Material' have been improperly designated.  A party may object to the designation of particular information as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" only by giving written notice by electronic mail or facsimile transmission to the party designating the disputed information and to all other parties in the case.  The written notice shall identify the

information to which the objection is made.  If the parties cannot resolve the objection within fourteen (14) days after the notice is received by the designating party, it shall be the obligation of the designating party to file an appropriate motion, within the (14) days after it receives said notice, requesting that the Court determine whether the disputed information has been properly designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.  If such a motion is timely filed, the disputed information shall be treated as designated, either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and shall not thereafter be treated as either "CONFIDENTIAL Information" or "HIGHLY CONFIDENTIAL Information" under the terms of this Protective Order.  In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall bear the burden of establishing that good cause exists for the disputed information to be treated as designated, either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

## ADVICE TO CLIENTS

19.     Nothing in this Order shall be construed to prevent counsel from advising their respective clients in any way relating to this Litigation, provided that counsel does not disclose to its client thereby the substance of any information designated by a Producing Party as Protected Litigation Material inconsistent with the terms of this Order.

## DISCOVERABILITY OF EXPERT MATERIALS

20.     No notes, drafts, draft reports, or other types of preliminary written work by or for Consultants concerning the subject matter of this civil action shall be the subject of discovery or inquiry at trial.  No communication, whether written or oral, between or among any Consultants or counsel for the Party retaining said Consultants concerning the subject matter of this action shall be the subject of discovery or inquiry at trial.  The foregoing shall not apply to any communications or documents upon which the Consultant relied in forming his or her opinion as expressed in an affidavit, report, or testimony, or on which a Consultant intends to rely as a basis for an opinion expressed in an affidavit, report, or testimony in connection with this action; such communications or documents shall be subject to discovery and inquiry at trial.  Materials, communications and other information exempt from discovery under this paragraph shall be treated as attorney work product.

## THIRD-PARTY REQUESTS

21.     If a Party, Outside Counsel, or Consultant in possession of Protected Litigation Material receives a subpoena from a non-party to the Litigation, or becomes subject to a motion, seeking production or other disclosure of Protected Litigation Material, telephonic and written notice shall immediately be given to counsel for the Producing Party, identifying the Protected Litigation Material sought and arranging for transmission of a copy of the subpoena or motion. Where possible, notice shall be given at least ten (10) business days before production or other disclosure. In no event, absent Court order, shall production or disclosure be made before notice is given.

Nothing contained herein shall be construed as requiring the Reviewing Party to seek

relief from such subpoena or to challenge or appeal any order of a court of competent

jurisdiction requiring production of Protected Litigation Material.  In the event that a

Producing Party elects to seek further protection of its Protected Litigation Material, the

Reviewing Party subject to the subpoena shall reasonably cooperate with the Producing

Party's efforts to do so.

## **MISCELLANEOUS**

22.    Nothing herein shall constitute: (a) an agreement to produce any

documents or supply any information or testimony in discovery not otherwise agreed

upon or required to be produced; (b) a waiver of any right to object to any discovery

request in this or any other action; or (c) a waiver of any claim of immunity or privilege

with regard to any testimony, documents or information.

23.    Within sixty (60) days after the final termination of the Litigation, including

all appeals, all persons subject to this Order shall destroy all documents containing

Protected Litigation Material or shall return them to the Producing Party.  Furthermore,

all persons subject to this Order shall certify that all documents containing Protected

Litigation Materials are destroyed or returned to the Producing Party.  Each law firm that

has provided Protected Litigation Material of another party to a Consultant or party

representative shall promptly request the return of all such material to it.  Each law firm

representing a party or a deponent may keep and not destroy:  one paper copy of all

court pleadings and briefs containing Protected Litigation Material; one paper copy of all

deposition transcripts containing Protected Litigation Material; paper copies of

documents incorporating or referring to Protected Litigation Material which are inextricably intermingled with the work product of that party's counsel; and its electronic files other than the production sets of documents and things.  All such documents retained by counsel shall remain subject to the terms of this Order.

24.     Neither the termination of this lawsuit nor the termination of employment of any person with access to any Protected Litigation Material shall relieve such person from the obligation of maintaining the confidentiality of such information.

25.     This Order may be amended by the agreement of counsel for the parties in the form of a written amendment signed by counsel and filed with the Court for approval.

26.     This Order shall not prevent any party or non-party from applying to the Court for further or other protective orders or for modifications of this Order or from agreeing to modifications of this Order.  Any such agreed to modification shall be in writing, and signed by counsel on behalf of the parties.

27.     If any Party seeks discovery from a third party, that third party shall be entitled to all of the benefits that a Producing Party has under the terms of this Order.

28.     Notices under this Order shall be sent to at least one lawyer from each law firm representing the party to whom notice is being provided, at the address listed in the signature block for this Order.  Additionally, all notices directed to Plaintiff shall be sent to mjacob@farneydaniels.com.

29.     This Order shall remain in effect after the final determination of the Litigation, unless otherwise ordered by the Court.

Dated at Denver, Colorado, this 26th day of November, 2013.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02332-RM-MEH

ACTIVISION TV, INC.,

      Plaintiff,

      v.

KATS ON MARKET, INC. d/b/a Tavern Hospitality Group,

      Defendant.

---

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

---

I, _____ [print or type full name], state:

1. I reside at _____;

2. My present employer is _____;

3. My present occupation or job description is _____;

4. I agree to keep confidential all information provided to me in the matter of *Activision TV, Inc. v. Kats on Market, Inc. d/b/a Tavern Hospitality Group*, Case No. 1:13-cv-02332-RM-MEH, United States District Court, District of Colorado, and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.

5. I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents or things that are subject to the Protective Order except in accordance with the provisions of the Order;

6. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 201__ at _____.

Printed or typed name: _____

Signature: _____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02332-RM-MEH

ACTIVISION TV, INC.,

      Plaintiff,

      v.

KATS ON MARKET, INC. d/b/a Tavern Hospitality Group,

      Defendant.

_____

## CERTIFICATION OF CONSULTANT
_____

I, _____ [print or type full name]

of _____,

am not an employee of the Party who retained me, or of a competitor of the opposing

Party.  If at any time after I execute this Certificate of Consultant and during the pendency

of the Action I become an employee of a competitor of the opposing Party, I will promptly

inform the counsel for the party who retained me in the Action, and I will not thereafter

review any Designated Materials marked by the opposing Party as "HIGHLY

CONFIDENTIAL" unless and until the Parties agree or the Court orders otherwise.

I state under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

Executed on _____, 201_ at _____.

Printed or typed name: _____

Signature: _____